UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X

| | |
|---|---|
| JAKOB PADWA and MIRIAM PADWA, | Civil Action No.: |
| Plaintiff, | |
| -against- | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT** |
| | **DEMAND FOR JURY TRIAL** |
| NATIONWIDE CREDIT INC and CHASE BANK USA, N.A., | |
| Defendant(s). | |

-------------------------------------------------------------------X

Plaintiffs JAKOB PADWA and MIRIAM PADWA ("Plaintiffs"), by and through their attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for their Complaint against the Defendants NATIONWIDE CREDIT INC. and CHASE BANK USA, N.A., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

2. Plaintiffs brings further action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of

the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

3. Defendants are subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

4. Plaintiff's JAKOB PADWA and MIRIAM PADWA are residents of the State of NEW JERSEY, residing in LAKEWOOD, NJ 08701.

5. Defendant NATIONWIDE CREDIT INC is a ARIZONA company engaged in the business of debt collecting with an address at 1150 EAST UNIVERSITY DRIVE, 1ST FLOOR, TEMPE, AZ 85281.

6. Defendant CHASE BANK USA, N.A. is a NEW YORK company engaged in the business of banking with corporate headquarters located at 270 PARK AVENUE NEW YORK, NY 10017.

7. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

8. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

11. PlaintiffS bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of themselves and all persons/consumers in the State of New Jersey, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendants which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

12. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

13. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

14. The debt collection notices and/or letters/communications from Defendants, received by the Class, are to be evaluated by the objective standard of the hypothetical "least

sophisticated consumer".

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

17. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

18. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

19. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

20. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class

treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

21. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants' conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

23. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## FACTUAL ALLEGATIONS

24. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Upon information and belief, Defendants, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiffs.

26. Upon information and belief, and better known to the Defendants, the Defendants began their collection efforts and campaign of communications with the Plaintiffs by calling their cell phones and leaving automated messages.

27. On or about May 2017 the Plaintiff Miriam Padwal started to receive calls

from the Defendant CHASE BANK USA, N.A. (herein referred to as Chase) to her cell phone number of 347-977-3797.

28. The calls would come in from numbers 407-732-2415, 847-426-9203 and 210-520-6400.

29. In response to these calls the Plaintiff called the Defendant Chase on May 25, 2017 and was connected with a female representative

30. The Plaintiff gave the representative the last four digits of her credit card and verified her account. The Plaintiff then asked for some information on her account and informed the representative that she did not want to receive any more calls from the Defendant.

31. After receiving the information she requested from the representative the call was then concluded.

32. In October of 2017 the Plaintiff Jakob Padwa started receiving calls from the Defendant Chase as well to his cell phone number of 347-977-6613. The calls would come from the same mentioned numbers from Chase as the calls made to Miriam Padwa and he too would be left automated messages on his cell phone.

33. In response to the phone calls the Plaintiff called the Defendants on October 2, 2017 and was connected with a male representative. The Plaintiff gave the representative the last four digits of his social security number to access his account.

34. The Plaintiff informed the representative that he had two cards and the representative stated that he had located both accounts.

35. The Plaintiff then asked what the status of the accounts was.

36. The representative gave the Plaintiff the information he requested.

37.     The Plaintiff stated that he would like the phone calls to stop and informed the representative that he would see what he could do about bringing the account current.

38.     The representative questioned when that would be and the Plaintiff said he would call back the next day. The Plaintiff then restated that he did not want to receive any more calls and the conversation was concluded.

39.     Since the conclusion of the call and the requests for the phone calls to cease, the Defendants continued to contact the Plaintiffs. To date the Plaintiffs have received at least 200 calls to their cell phones.

40.     Following the phone call, dated January 11, 2018 Plaintiff Miriam Padwa received a collection letter from Defendant Nationwide Credit Inc informing her that she owed $9,266.27, originally to Chase Bank USA NA.

41.     The letter stated "Nationwide Credit Inc previously sent you a letter more than thirty (30) days ago, advising you that your past due account was placed with us for collection.

42.     It then stated "We are offering you an opportunity to settle this amount for $4,262.48. This offer is valid for a one-time payment of the settlement amount and is due on or before 1/24/2018.

43.     However, towards the bottom of the letter it then states "If we settle this debt with you for less than the full outstanding balance. Chase may offer you less than favorable terms in the future for some Chase products or services or may deny you applications. "

44.     A copy of the Defendant's collection letter is attached hereto as exhibit "A".

45.     Since Chase is not directly pursuing this account and is depending on its agent to do so they are vicariously liable for any infractions made in the attempt to collect on this

debt.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

46. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. 15 USC §1692 e-preface states that a debt collector may not use false, deceptive or misleading representation or means in connection with the collection of any debt.

48. Defendants violated 15 USC §1692 e-preface when they sent out a collection letter dated January 11, 2018 and deceptively stated that if the Plaintiff chose to take the settlement offer and pay her debt for less than the full amount owed then she would possibly be in poor standing with the original creditor and have less favorable dealings with them in the future. Either Chase has a policy or providing less favorable terms for those who pay less than the full balance or they have a policy of providing the same favorable terms as those who are not in debt to them. Either way it is a misleading statement.

49. The threat of receiving less favorable terms is unfair, deceptive and misleading, as it is ambiguous and confusing, and forces the consumer to fear not paying the full amount to receive, as implied, unfavorable terms. However, the letter again confuses and misleads the consumer to believe if she pays she will definitely receive favorable terms. Nowhere in the letter is it spelled out that paying the full balance will result in favorable terms.

50. 15 USC §1692 f-preface states that a debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt.

51. Defendants violated 15 USC §1692 f-preface when they sent out a collection letter dated January 11, 2018 that unfairly and deceptively stated that if the Plaintiff chose to take the settlement offer and pay her debt for less than the full amount owed then she would possibly be in poor standings with the original creditor and have less favorable dealings with them in the future, but not necessarily so.

52. The threat of receiving less favorable terms is ambiguous and confusing and forces the consumer to fear not paying the full amount to receive as implied unfavorable terms. However, the letter again is unfair, confuses and misleads the consumer to believe if she pays she will definitely receive favorable terms. Nowhere in the letter is it spelled out that paying the full balance will result in favorable terms.

53. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA

## SECOND CAUSE OF ACTION
### (Violations of the TCPA)

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice---(iii) to any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

56. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

57. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

58. With the autodialed calls to Plaintiffs' telephones commencing on or about May 2017 and continuing at a rate of approximately (200) times thereafter, the Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

59. The Defendants, having been informed that Plaintiffs requested that no further calls be received, willfully violated the TCPA at least (200) times.

60. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution: 3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

61. Defendants are in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor

Plaintiffs' desire to opt out of telephone communications despite Plaintiffs' clear, unequivocal and repeated requests that such automatic calls cease.

62.     Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

63.     Plaintiffs hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B.     For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.     For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to 15USC§1692(a)(3);

E.     A declaration that the Defendants' practices violated the FDCPA;

F.     For trebled damages to be awarded to the Plaintiffs in accordance with the TCPA, for each of the Defendants' willful or knowing violations of the TCPA.

G.     A declaration that the Defendants' practices violated the TCPA;

H.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:        New York, New York
              April 23, 2018

                                        Respectfully submitted,

                                        By: _____
                                        Edward B. Geller, Esq.
                                        Edward B. Geller, Esq., P.C., Of Counsel to
                                        M. HARVEY REPHEN & ASSOCIATES, P.C.
                                        15 Landing Way
                                        Bronx, New York 10464
                                        Phone: (914)473-6783

                           *Attorney for the Plaintiff* JAKOB & MIRIAM PADWA


To:    NATRIONWIDE CREDIT INC
       1150 EAST UNIVERSITY DRIVE 1ST FLOOR
       TEMPE, AZ, 85281

       JP MORGAN CHASE & CO '
       270 PARK AVENUE
       NEW YORK, NY 10017

       *(Via Prescribed Service)*

       Clerk,
       United States District Court, District of New Jersey
       Clarkson S Fisher Building & U.S. Courthouse
       402 East State Street Room 2020
       Trenton, New Jersey 08608

       *(For Filing Purposes)*

## CLASS ACTION COMPLAINT

---

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone: (914)473-6783*

EXHIBIT "A"



# Nationwide Credit, Inc.

PO Box 14581
Des Moines, IA 50306-3581
Monday-Thursday 8AM to 10PM ET, Friday 8AM to 7PM ET
1-866-428-0926
myaccount.ncirm.com

RE: CHASE BANK USA, N.A.
Account Number: XXXXXXXXXXXX6999
Account Balance: $9,266.27
Settlement Amount: $4,262.48
Date: 01/11/2018

myaccount.ncirm.com

➢ 24-hour Access

➢ Make or Reschedule Payments

➢ Settle Your Account

➢ Update Your Contact Information

➢ Tell Us How to Contact You

And More...

Nationwide Credit, Inc. previously sent you a letter, more than thirty (30) days ago, advising you that your past due account was placed with us for collection. The Account Balance as of the date of this letter is shown above.

We are offering you an opportunity to settle this account for **$4,262.48**. This offer is valid for a one-time payment of the settlement amount and is due on or before **01/24/2018**. This offer is contingent upon NCI receiving the payment pursuant to the payment schedule outlined in this letter.

You may accept this settlement, see other options available to you and manage your account online using the following process:

1. Visit myaccount.ncirm.com
2. Login using your NCI ID 17338143237 and the last four digits of your SSN as the password

You can also call us at 1-866-428-0926 to speak with one of our associates or you may choose to send us a payment using the coupon below.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

Sincerely,

Nationwide Credit, Inc.

This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.

C05
080614/092514

---

*** Please See Reverse Side of This Letter for Important Consumer Information ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window

PERSONAL AND CONFIDENTIAL
PO Box 10354
Des Moines, IA 50306-0354

00092

002/C05/037/01/11/2018/ENV3/NJ

70412-12A36***AUTO**MIXED AADC 350
Miriam Padwa
34 GROVE SPRINGS CT
Lakewood NJ 08701-7556

| ACCOUNT NUMBER: | XXXXXXXXXXXX6999 |
|---|---|
| NCI ID: | 17338143237 |
| ACCOUNT BALANCE: | $9,266.27 |
| AMOUNT ENCLOSED: | |

24-hour account access: https://myaccount.ncirm.com
o Change of address: Print New Address on Back

REMIT TO:

NATIONWIDE CREDIT, INC.
PO Box 14581
Des Moines IA 50306-3581

01  17338143237  0